IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02298-BNB

PAUL C. MARTINEZ,

Applicant,

v.

KEVIN L. MILYARD, Warden, SCF,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER

This matter is before the Court on Applicant's "Motion to Reconsider Order of Conversion," filed *pro se* on October 12, 2010. Applicant objects to Magistrate Judge Boyd N. Boland's September 23, 2010, order directing him to file an amended pleading.

Applicant is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He initiated this action by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 20, 2010.

Upon review of the habeas corpus application, Magistrate Judge Boland determined that Applicant was asserting claims that challenged the validity of his state court sentence, which must be asserted pursuant to 28 U.S.C. § 2254, rather than claims that challenged the execution of his sentence, which are asserted pursuant to 28 U.S.C. § 2241. Based on this determination, Magistrate Judge Boland ordered

Applicant to file an amended pleading on a 28 U.S.C. § 2254 form if he wished to pursue his claims in this action.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's September 23 order is not clearly erroneous or contrary to law.

In the Application, Applicant asserts four claims for relief as follows: (1) the prosecution lacked subject matter jurisdiction; (2) the Second Judicial District Court lacked subject matter jurisdiction; (3) his underlying conviction is void because the mittimus and judgment are void; and (4) the Colorado statutes used to convict him are void because they lack enacting clauses. Application at 3-5. As relief, Applicant seeks immediate release. Application at 6. The Court agrees that Applicant is challenging the validity of his sentence rather than the execution of his sentence. Therefore, Magistrate Judge Boland was correct that Applicant's claims must be raised pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The Court concludes that Magistrate Judge Boland's September 23 order is neither clearly erroneous nor contrary to law. Therefore, Applicant's liberally construed objection will be overruled. Accordingly, it is

ORDERED that Applicant's "Motion to Reconsider Order of Conversion," filed on October 12, 2010, is overruled. It is

FURTHER ORDERED that Applicant shall have **thirty (30) days from the date of this order** to file an amended pleading in this action, as directed by the September 23 Order, if he wishes to pursue his claims.

DATED at Denver, Colorado, this __22nd__ day of __October__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02298-BNB

Paul C. Martinez
Prisoner No. 108333
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk